UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSE E. MORENO and all others similarly )
situated under 29 U.S.C. 216(b), )
                                                                                  )
            Plaintiff, )
vs. )
                                                                      )
HRO INNOVATION CONSTRUCTION )
INC., HENRY ORTIZ, )
                                                                    )
           Defendants. )
_____ )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

    Plaintiff, JOSE E. MORENO, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Second Amended Complaint against Defendants, HRO INNOVATION CONSTRUCTION INC. and HENRY ORTIZ and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant, HRO INNOVATION CONSTRUCTION INC., is a corporation that regularly transacts business within the Southern District of Florida. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant, HENRY ORTIZ, is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff (i.e. construction workers, etc.) who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for HRO INNOVATION CONSTRUCTION INC. and HENRY ORTIZ as a construction worker from on or about July 20, 2018 through on or about May 30, 2019.

10. As a construction worker, Plaintiff's job duties required of him by Defendants, along with some of the other construction workers, included, but were not limited to, remodeling, carpentry, painting, placing flooring tiles, using the following materials and tools: cement, paint, nails, hammers and an electric saw.

11. The Corporate Defendant's business activities involve those to which the Fair Labor

Standards Act applies.

12. Plaintiff's work for HRO INNOVATION CONSTRUCTION INC. and HENRY ORTIZ affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods included, but were not limited to, construction materials, that Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while Plaintiff worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Additionally, the Defendants regularly employed two or more employees for the relevant time period, such as other construction workers, who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making the Corporate Defendants' businesses an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, at all times material hereto, the Corporate Defendant HRO INNOVATION CONSTRUCTION INC. had annual gross revenue that exceeded $500,000 per annum in 2018.

15. Upon information and belief, at all times material hereto, the Corporate Defendant HRO INNOVATION CONSTRUCTION INC. will have annual gross revenue that exceeds $500,000 per annum in 2019.

16. Between the period of on or about July 20, 2018 through on or about May 30, 2019, Plaintiff worked an average of 55 hours a week for Defendants HRO INNOVATION

CONSTRUCTION INC. and HENRY ORTIZ A and was paid an average of $20 per hour but was not paid for the hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for the hours worked above 40 in a week based on the applicable minimum wage rate.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

    Respectfully Submitted,

    J.H. Zidell, Esq.
    J.H. Zidell, P.A.
    Attorney For Plaintiff
    300 71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167
    Email: ZABOGADO@AOL.COM

    By:__/s/ J.H. Zidell_____
        J.H. Zidell, Esq.
        Florida Bar Number: 0010121